Jack FOSTER et al., Appellants,

v.

Melvin HARVEY et al., Appellees.

No. 7146.

Court of Civil Appeals of Texas.

Amarillo.

April 23, 1962.

Brummett & Brummett, Lawrence F. Green, Lubbock, for appellants.

Shaver, Hurley & Sowder, Lubbock, for appellees.

CHAPMAN, Justice.

This is an appeal by Jack Foster and Earl Ince, Jr. from a judgment based upon a jury verdict in favor of numerous property owners in and lien holders on lots in the Southport Addition to the city of Lubbock in which appellants sought to remove restrictive covenants limiting the addition to residential purposes only.

In answer to special issues submitted the jury found the two lots each appellants were seeking to have the residential only restriction removed from had not been "rendered * * * reasonably unsuitable for exclusively residential purposes" because of changes in Southport Addition since June 28, 1952 along Avenue Q. in the area of the four lots in question and the area surrounding the addition; that retaining such restrictions would not cause appellants substantially greater harm than would be caused the resident-owners properties by the removal of the restrictions; that the benefits of the original plan for the restrictions could still be realized for the protection of the interior lots owned by appellees, notwithstanding appellants might be deprived of the most valuable use of their four lots in the addition; that the changes since June, 1952 above stated have not rendered appellants' lots in the addition "reasonably unsuitable for exclusively residential purposes;" and that the removal of the restrictions would result in material injury to the property owned by the resident-owner defendants. From the judgment based upon such verdict denying appellants any relief and declaring the conveyance and restrictions theretofore imposed to be valid, in full force and effect, and fully binding on all property owners in Southport Addition, appellants perfected their appeal.

In their first group of points appellants contend there was no evidence to support the answers to the issues submitted, that the great weight and preponderance of the evidence was contrary to the jury's findings and that the court "erred in admitting evidence of purely conjectural and speculative nature relating to anticipated future damages on the part of defendants in the event the restrictions were lifted on plaintiffs' lots."

■ We have carefully read the 601 pages constituting the Statement of Facts and have found that the evidence is not subject to the criticism made in the points under discussion. There is testimony of probative value which shows in effect that a removal of the restrictions sought would require more parking area adjacent to such commercial property as might be constructed on the lots from which the restrictions are sought to be removed, thus creating an encroachment on the adjacent lots; that once the residential only barrier is broken it would tend to create creeping commercialism;[1] that it would lower values for residential purposes;[2] that it would affect ingress and egress to the interior lots; that it would lower the values because of uncertainties created once the restrictions are broken; that it would be more difficult to secure loans; and that appellants' lots have not been rendered reasonably unsuitable to be used exclusively for residential purposes. Of course, some of this evidence was controverted but the jury resolved the issues favorable to appellees. There is also other probative evidence to justify the answers to the issues submitted and the jury findings are not contrary to the great weight and preponderance of the evidence. The witnesses were asked by all counsel examining them what, in their opinion, would be the various results from lifting the restrictions on the four Ince and Foster lots. Such opinions would of course necessarily be partly speculative and conjectural but would not constitute reversible error in a case of this nature depending upon opinion evidence.

1. Scaling v. Sutton et al., Tex.Civ.App., 167 S.W.2d 275, 281; Bethea v. Lockhart, Tex.Civ.App., 127 S.W.2d 1029.

2. Lebo et al. v. Johnson et al., Tex.Civ. App., 349 S.W.2d 744.

The San Antonio Court of Civil Appeals in Bethea v. Lockhart et al., 127 S.W.2d 1029 has quoted with approval from two other courts holding:

" 'The rule which we adopt is well stated in Swan v. Mitshkun et al., 207 Mich. 70, 173 N.W. 529, 530, wherein the court said: "Those owning property in a restricted residential district or neighborhood, and especially those who have their homes there and have been led to buy or build in such locality by reason of restrictive covenants running with the land imposed upon the street, block, or sub-division in which they have purchased, are entitled to protection against prohibited invasion regardless of how close business may crowd around them on unrestricted property, provided the original plan for a residential district has not been departed from in the restricted district, street, or block and the restrictive requirements have been generally enforced, or accepted and complied with by purchasers." ' * * *

" ' * * * "The fact that apart from and surrounding the tract some business has grown up, and that the land has become more valuable in consequence, in no manner entitles defendants to be relieved of the restrictions they have created. This condition is but the natural result of the improvement of the various tracts, and the fact that the property may have become more valuable thereby for business purposes is immaterial." ' "

That case has been approved by the Supreme Court and we think the quotes are particularly applicable to the instant case. The points are without merit and they are overruled.

■ The next point urges reversible error by the introduction into evidence of a photograph of Mr. Ince's residence. The Statement of Facts shows the identification of the proposed exhibit as "D 5" but we have been unable to find where it was introduced after its identification, or shown to the jury. In any event, there is no reversible error shown under Rule 434 Vernon's Ann.Tex.Rule even if the house had been studied by the jury. Mr. Ince testified his lots in the Southport Addition were not suitable for his residence. It would not be reversible error for the jury to view the type house in which he lived for the purpose of deciding that question.

■ Appellants' sixth point urges error of the court in permitting the testimony of appellees' expert witness, A. C. Jackson as to whether the four lots were reasonably suitable for residential purposes. His qualifications as an expert show that he was an approved appraiser for the Veterans Administration, for G. I. Insured Loans, for the Federal Housing Administration, and for the State Highway Department; that he had made appraisals for the Lubbock Independent School District for 25 years; and that he had appraised in condemnation cases, both State and Federal and for both the land owners and condemnors. One assessing values would necessarily have to give consideration to suitability of various types of property for certain locations as a part of arriving at values. We believe the many years of varied experiences qualified the witness as an expert on the questions asked.

■ Appellants' statement under the seventh point indicates they are urging reversal of the case because the court held with their adversaries on questions of evidence more times than with them. Because of this unusual statement on the point we carefully marked on a sheet of paper as we read the Statement of Facts the number of times the court ruled with each side on the admissibility of evidence. The record shows complete objectivity in the court's rulings on questions of evidence. Anyhow, the question should be decided upon whether any ruling on evidence was reversible, whether once or many times   We have

found no reversible error in this regard. We believe the record shows the case was very carefully and objectively tried. Finding no reversible error in the record the judgment of the trial court is affirmed.